IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THADDEUS MOORE,** | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-24-00361 |
| **SUBBA REDDY,** *et al.;* | * |
| Defendants. | * |

## MEMORANDUM OPINION

Thaddeus Moore ("Plaintiff"), who is self-represented, filed a Corrected Amended Complaint ("CAC") on May 2, 2024 against four defendants, Subba Reddy, Dave Michalski, Assistant State's Attorney Ciarra Roulhac, and Howard County Police Officer Chris Weir, who were involved in state court proceedings with Plaintiff in Howard County, Maryland. ECF 25. A number of motions are pending: (1) Plaintiff's request for preliminary injunctive relief, ECF 8, which he amended, ECF 46, and to which Defendant Chris Weir filed an opposition, ECF 49; (2) Defendant Ciarra Rohlhac's Amended Motion to Dismiss Amended Complaint, ECF 39, which Plaintiff opposed, ECF 42, and then supplemented, ECF 43; (3) Defendant Dave Michalski's Motion to Dismiss Plaintiff's Amended Complaint, ECF 36, which Plaintiff opposed, ECF 44; and (4) Defendant Weir's Motion to Dismiss Plaintiff's Complaint, ECF 34, which Plaintiff opposed, ECF 45, and Weir replied, ECF 47; and (5) Plaintiff's motion for default judgment against Defendant Subba Reddy, ECF 41, to which a responsive letter has been docketed regarding the method of service, ECF 48.

This Court has carefully reviewed all of the filings in this case, and no hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendants' motions to dismiss for improper service of process will be granted and Plaintiff's motions will be denied.

## I. Background

Plaintiff's CAC identifies the following federal questions at issue: "42 U.S.C. 1983 action for Deprivation of Rights under the Color of Law, USC 18 Section 242 Deprivation of Rights[,] Fourteenth Amendment Right to Due Process of Law Section 1, Sixth Amendment Right to Counsel, Eighth Amendment[,] 26 U.S.C. 1033 Involuntary Conversions(1)[,] 18 U.S.C. Frauds and Swindles."[1] ECF 25 at 4.

The statement of facts in Plaintiff's CAC, taken as true for purposes of this motion, are as follows. Construed liberally, Plaintiff alleges that Defendant Michalski presented "a fraudulent survey that does not match the county plat" through the attorney to Defendant Reddy, leading to a court judgment that certain property belonged to Reddy instead of Plaintiff. ECF 25 at 5–6. Following that judgment, Defendant Roulhac prosecuted Plaintiff in two criminal cases for trespassing on the disputed property. *Id.* Plaintiff did not receive proper service and was jailed for contempt for three weeks without bail. *Id.* Plaintiff seeks $56 million in damages, as well as an injunction for rights to the disputed property. *Id.* at 7.

---

[1] This Court notes that many of these alleged federal causes of action are not viable. First, of the four named defendants, only Roulhac and Weir potentially act under the color of law for purposes of a Section 1983 claim. Second, the Sixth Amendment right to counsel does not apply in a civil case such as this one. Third, the two Title 18 statutes that Plaintiff cites, 18 U.S.C. § 242 and "Frauds and Swindles," are criminal statutes that do not provide civil causes of action. And 26 U.S.C. § 1033 is part of the tax code and has no applicability in this matter. To the extent that Plaintiff is attempting to assert state common law claims for fraud or conversion, he should amend his complaint to say so.

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to challenge the validity of service by filing a motion to dismiss. Where validity is challenged, the burden rests with the plaintiff to establish valid service. *Miller v. Baltimore City Bd. of Sch. Com'rs,* 833 F. Supp. 2d 513, 516 (D. Md. 2011) (quoting *O'Meara v. Waters,* 464 F Supp. 2d 474, 476 (D. Md. 2006)). When assessing whether a plaintiff has met that burden, "plain requirements for the means of effecting service of process may not be ignored." *O'Meara,* 464 F. Supp. 2d at 476; *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984) ("But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.").

An individual within a federal judicial district may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e). Maryland law permits service to be made by mail, but only "(3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: Restricted Delivery – show to whom, date, address of delivery." MARYLAND R. CIV. P. 2-121.

Improper service of process deprives the Court of personal jurisdiction over the defendant. *See Koehler v. Dodwell,* 152 F.3d 304, 306–07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the

defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void.") (internal citation omitted). FED. R. CIV. P. 4(m) further provides that:

> If a Defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the actions without prejudice against that defendant or on order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While *pro se* litigants are typically afforded greater leniency than represented litigants, "[p]ro se status . . . is insufficient to establish good cause" for failure to comply with Rule 4, "even where the *pro se* plaintiff mistakenly believes that service was made properly." *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011) (quoting *Hanson v. Fairfax Cnty. Sch. Bd.*, 405 F.App'x 793, 794 (4th Cir. 2010)).

### III.     Analysis

Plaintiff has not met his burden of establishing valid service as to any of the four defendants. First, it appears that Plaintiff only attempted to serve Defendants Michalski and Reddy with the original version of his Complaint, not the CAC. The only proof of attempted service on those two defendants is from February, 2024, ECF 5, 6, and Plaintiff did not docket the CAC until May, 2024. After filing his CAC, Plaintiff sought summons for Defendants Weir and Roulhac, ECF 28, but did not obtain new summonses for Michalski and Reddy. The record therefore does not indicate that those defendants have ever been served with the new version of the complaint.

Even had Plaintiff served Michalski and Reddy with the correct documentation, he served them improperly because he has not demonstrated that he mailed the summons and complaint by "Restricted Delivery – show to whom, date, address of delivery." Instead, it appears from the filing that Plaintiff used Certified Mail. ECF 6 at 2. Finally, as to Reddy, Plaintiff mailed the summons

4

and complaint to an attorney in Towson. ECF 5 at 2. The signature on the confirmation card says "Jean Kerns," with no indication of who that might be. *Id.* And the attorney has filed correspondence with this Court indicating that he does not represent Reddy in this matter and is not authorized to accept service on Reddy's behalf. ECF 48. Service has therefore been insufficient pursuant to Fed. R. Civ. P. 4(e).

Even as to Defendants Weir and Roulhac, who apparently were mailed the CAC in May, 2024, service was ineffective because the documentation was sent by Certified Mail and not by Restricted Delivery with appropriate confirmation of the recipient. ECF 28 at 2, 5.

Finally, Plaintiff suggests that the Defendants' actual notice of the commencement of the legal proceedings is sufficient. *See, e.g.*, ECF 44 at 1. While the Fourth Circuit has recognized that actual notice may sometimes excuse a "technical violation" of the service rules, it has emphasized that the "plain requirements for the means of effective service of process may not be ignored," particularly "when the means employed engenders . . . confusion . . . leaving [defendants] without clear notice of the necessity to respond." *Armco*, 733 F.2d at 1089. Here, Plaintiff's method of service has caused some confusion, including that Michalski experienced a delay in obtaining the Complaint, ECF 10 ¶ 2, and Reddy's attorney received a summons despite not being authorized to accept service on Reddy's behalf, ECF 48. Thus, Plaintiff's failure to effectuate proper service is not a mere technical violation that can be excused by actual notice even if such notice exists.

Accordingly, Plaintiff has not met his burden to demonstrate valid service, and his Complaint will be dismissed against all of the Defendants without prejudice, due to insufficient

service of process.[2] *See* FED. R. CIV. P. 4(m). Dismissal, rather than extension of time, is proper because Plaintiff has not shown good cause for his failure to effectuate valid service of process.

Because Plaintiff's CAC is being dismissed, his request for preliminary injunctive relief, ECF 8, and his motion for default, ECF 41, must be denied as well.

## IV.   Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss, ECF 34, 36, 39, are GRANTED, and Plaintiff's motion for preliminary injunctive relief, ECF 8, and Motion for Default, ECF 41, are DENIED. Plaintiff's CAC is dismissed without prejudice, allowing him to refile it (or a new Second Amended Complaint to address some of the legitimate issues defendants have raised in their motions briefing) and to properly serve the four defendants with new summonses and the entirety of the operative complaint. An implementing Order follows.

Dated: August 2, 2024

                /s/
Stephanie A. Gallagher
United States District Judge

---

[2] Because service was improper, this Court does not reach the multitude of other arguments Defendants raised in their motions to dismiss at this stage. Defendants are free to refile those arguments if service is properly effected and if the arguments remain applicable.