# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| THADDEUS MOORE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Civil No. SAG-24-00361 |
| | * |
| SUBBA REDDY, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

This case already was dismissed on one occasion, in August, 2024, for improper service of process. ECF 51, 52. Plaintiff Thaddeus Moore ("Plaintiff"), who is self-represented, then filed three amended complaints in quick succession, ECF 53, 54, 55, without submitting completed summonses to the Court for issuance. No summonses have issued in this case since May of 2024. ECF 27.

Currently pending are motions to dismiss filed by three of the four named defendants, ECF 56, 58, 60, along with three motions filed by Plaintiff: a motion requesting more time to serve defendants, ECF 67,  a motion to dismiss a state case, ECF 71, and a motion to re-serve Defendants with summons, ECF 74. This Court has reviewed all of the filings along with the oppositions and replies. ECF 62, 63, 64, 65, 66, 69, 70. No hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant Ciarra Roulhac's motion to dismiss will be granted because she is immune from suit in federal court; the motions to dismiss filed by Defendants Dave Michalski and Chris Weir will be granted and the claims against them will be dismissed without prejudice for improper service and failure to state a claim;

Plaintiff's motions requesting more time to serve Defendants and leave to re-serve Defendants will be denied as moot because the complaint will be dismissed, and Plaintiff's motion to dismiss state case will be denied because this Court cannot interfere in a state court criminal proceeding.

## I.      Procedural Background

The most recent iteration of the complaint on the docket is the Revised Third Amended Complaint (RTAC), ECF 55. The RTAC identifies the defendants and the causes of action. In the Statement of Claim section, however, it lists facts that make no reference to two of the four defendants: Subba Reddy or Dave Michalski. ECF 55 at 6. While not completely clear, the facts pertaining to Defendants Weir and Roulhac appear to relate to their respective roles as the charging officer and prosecutor in a case in state court. *Id.* The RTAC also contains the following language:

> The prior allegations are hereby incorporated by reference. All allegations previously stated in the prior complaints are hereby incorporated into the 2nd CAC Amended Complaint by reference.

ECF 55 at 7. As noted above, no summonses were issued in conjunction with the filing of the RTAC on September 4, 2024. Plaintiff has now sought leave to re-issue summons, ECF 74, but did not attach completed summons to his motion.

## II.     Defendant Roulhac's Motion to Dismiss

Like the other Defendants, Defendant Roulhac challenges the adequacy of service of process in her motion to dismiss. ECF 58. Service on Defendant Roulhac was defective for the same reasons addressed below. However, Defendant Roulhac also correctly asserts that she is not amenable to suit in federal court for Plaintiff's claims. Maryland, along with its agents and agencies, enjoys Eleventh Amendment immunity from suits brought in federal court. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless the state consents to suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

"It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Florida Department of Health v. Florida Nursing Home Assn*., 450 U.S. 147 (1981) (per curium)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in <u>state</u> courts, *see* Md. Code Ann., State Gov't § 12-104(a), it has not waived its immunity under the Eleventh Amendment to suit in <u>federal</u> court. *See generally, e.g.*, *Pense v. Md. Dept. of Pub. Safety*, 926 F.3d 97 (4th Cir. 2019).

An Assistant State's Attorney serving in her official capacity is a state official. *See* Md. Code Ann., State Gov't 12-101(a)(8) (confirming that a state's attorney is "State personnel"). The State of Maryland is thus the real party in interest in this suit against Defendant Roulhac. *See Edelman v. Jordan,* 415 U.S. 651, 662-65 (1974) (reasoning that the state is the real party in interest where damages would be payable from the state treasury). Accordingly, no claim for money damages can lie in federal court against Defendant Roulhac in her official because such claim is barred by the Eleventh Amendment. Any such claims must proceed in state court. Defendant Roulhac's motion to dismiss this case will be granted.

## III.    Defendants Michalski and Weir's Motions to Dismiss

### A.  Legal Standards

Where the validity of service is challenged, the burden rests with the plaintiff to establish valid service. *Miller v. Baltimore City Bd. of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (quoting *O'Meara v. Waters,* 464 F Supp. 2d 474, 476 (D. Md. 2006)). When assessing whether a plaintiff has met that burden, "plain requirements for the means of effecting service of process may not be ignored." *O'Meara,* 464 F. Supp. 2d at 476; *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("But the rules are there to be

followed, and plain requirements for the means of effecting service of process may not be ignored.").

An individual within a federal judicial district may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Maryland law permits service to be made by mail, but only "(3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: Restricted Delivery – show to whom, date, address of delivery." Maryland R. Civ. P. 2-121.

Improper service of process deprives the Court of personal jurisdiction over the defendant. *See Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." (internal citation omitted)).

### B. Analysis

Plaintiff again has not met his burden of establishing valid service as to any of the four defendants. No summons was ever issued as to the RTAC (or any of the amended complaints filed after this Court dismissed the original complaint). Plaintiff's recent filings make some references to "awaiting Court summonses" but it is the plaintiff that is responsible for submitting completed summonses to the Clerk's Office with every version of the complaint that he files. Instructions are

available on this Court's website for litigants, like Plaintiff, not represented by counsel. Because none of the defendants have been served with the RTAC and a valid summons, service has not been properly effected and this Court lacks personal jurisdiction over the defendants.

This Court also notes that the RTAC itself is facially deficient because it purports to "incorporate by reference" prior versions of his complaint. ECF 55 at 7. As this Court instructed Plaintiff on April 24, 2024, "a complaint must consist of a single document containing all of Plaintiff's allegations against any defendants he intends to name. Separate supplements and additions are not permitted." ECF 21. At present, Plaintiff's RTAC contains no factual allegations at all against Defendants Michalski and Reddy, and it is unclear whether it contains all of the allegations Plaintiff intends to assert against Defendant Weir.

Accordingly, this Court will grant the motions to dismiss filed by Defendants Michalski and Weir and will dismiss the RTAC. Plaintiff will be afforded one final opportunity to file an amended complaint (which should be captioned "Fourth Amended Complaint") against Defendants Michalski, Weir, and Reddy. The Fourth Amended Complaint should not include any claims against Defendant Roulhac since she cannot be sued in federal court for the actions Plaintiff describes. The Fourth Amended Complaint must include any and all allegations and exhibits Plaintiff wishes this Court to consider and cannot incorporate other filings by reference or be "supplemented" in any separate filings. Along with the Fourth Amended Complaint, Plaintiff must submit to the Clerk's office two completed summons for each named defendant as described on this Court's website. And Plaintiff must then properly serve each Defendant with the Fourth Amended Complaint along with a summons issued by the Clerk in accordance with the legal requirements.

**IV.    Plaintiff's Motions**

Because the current version of the complaint is being dismissed, Plaintiff's motion requesting more time to serve Defendants, ECF 67, and motion to re-serve Defendants, ECF 74, are denied as moot. Plaintiff will of course have time to serve the Defendants properly with the Fourth Amended Complaint.

Plaintiff has also filed a Motion to Dismiss State Case No. C-13-CR-23-000103. ECF 71. As the Supreme Court has stated, "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris,* 401 U.S. 37, 43 (1971). Considerations of comity preclude this Court's intercession in state court criminal proceedings, which are properly adjudicated in the state trial and appellate courts. Plaintiff's motion will therefore be denied.

## V.    Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss, ECF 56, 58, 60 are granted. This Court grants Plaintiff leave to file a Fourth Amended Complaint in this Court against Defendants Michalski, Weir, and Reddy, but the Fourth Amended Complaint must comprehensively include, on its face, all of the allegations against each named defendant and it must be properly served on each defendant along with summons that Plaintiff submitted, in completed form, to the Clerk of this Court. The Fourth Amended Complaint must be filed within forty-five days of this opinion and accompanying order. Plaintiff's motion for more time to serve Defendants, ECF 67, and motion to re-serve Defendants, ECF 74, are denied as moot, and his motion to dismiss state case, ECF 71, is denied. This case will be closed, subject to reopening if the Fourth Amended Complaint is filed. An implementing Order follows.

Dated:  November 14, 2024                    _____/s/_____
                                                                        Stephanie A. Gallagher
                                                                        United States District Judge