IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THADDEUS MOORE,

    Plaintiff,

        v.       Civil No. SAG-24-00361

SUBBA REDDY, *et al.;*

    Defendants.

## MEMORANDUM OPINION

This long-pending case has been dismissed several times already for improper service of process. Currently pending are two additional motions to dismiss arguing, in part, still-improper service of process, ECF 81, 87. This Court has reviewed those motions and the oppositions and replies thereto. ECF 83, 86, 90, 91, 92. This Court has also carefully reviewed the allegations in the Fourth Amended Complaint ("FAC"). ECF 77. Even viewing the allegations in the light most favorable to self-represented Plaintiff Thaddeus Moore ("Plaintiff"), he has not stated any plausible federal claims against any defendant, despite his repeated amendments.[1]

The FAC is cumbersome and difficult to decipher. But in the section requiring Plaintiff to identify the federal statutes, treaties, or constitutional provisions he relies on, construing the FAC liberally in the light most favorable to Plaintiff, he asserts a Fourteenth Amendment (due process) claim pursuant to 42 U.S.C. § 1983, and then lists a series of criminal statutes and other statutes

---

[1] Defendants Weir and Michalski are correct that, once again, they have not been properly served. Service upon counsel is not proper service of an individual under Maryland law. *See* Md. R. Civ. P. 2-121. Nevertheless, this Court proceeds to address the adequacy of the allegations because perpetual dismissal of this action for improper service does nothing but accrue legal fees without advancing the case towards any eventual conclusion.

that must be enforced by the Department of Justice or the Attorney General. None of those statutory provisions identified by Plaintiff provides a private right of action or permits a private citizen to file federal criminal charges. *See* 18 U.S.C. § 242, 18 U.S.C. § 241, 42 U.S.C. § 3631, 42 U.S.C. § 14141.

Plaintiff has sued three defendants: Subba Reddy, Dave Michalski, and Officer Chris Weir of the Howard County Police Department. Only Officer Weir, who Plaintiff alleges arrested him on two occasions, is a state actor potentially subject to suit for constitutional violations pursuant to 42 U.S.C. § 1983. The other defendants are private citizens, not state actors. The only claims Plaintiff appears to assert against Reddy and Michalski are state common law claims relating to the ownership of disputed property and what Plaintiff believes to be efforts to defraud decisionmakers into denying his ownership of the land. In other words, from the inception of this matter, Plaintiff has rolled what are essentially two entirely separate matters into a single case: a challenge to the constitutionality of the arrests by Officer Weir, and a contest regarding ownership of property and purportedly fraudulent actions taken by defendants Reddy and Michalski. This Court lacks original jurisdiction over the state law property and fraud claims against Reddy and Michalski. Further, this Court finds that they are not sufficiently related to the arrest-based claims to be part of the same case or controversy. Therefore, this Court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). Those claims, to include the state law fraud claims against Reddy and Michalski and the request for injunctive relief asking this Court to "restore lot 26 of the Howard County Nordeau section to its rightful owner," ECF 96 at 2, must be addressed in state court.

With respect to Officer Weir, as best as this Court can ascertain, the allegation is that he arrested Plaintiff for trespassing after Plaintiff had already been found not guilty of trespassing on

the disputed land on a prior occasion. Plaintiff alleges that Officer Weir's act "[t]hus den[ied] the Plaintiff his due process in court." ECF 77 at 6. But the allegation is belied by the other facts asserted — by definition, Plaintiff did receive "due process in court" after the first arrest because he was acquitted. He proffers no facts to explain how the second, similar arrest might deny him "due process in court." To the extent Plaintiff intended to challenge the constitutionality of the arrest itself, the Supreme Court has made clear that the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial actions. Instead, it is the Fourth Amendment that "provides an explicit textual source of constitutional protection against [unreasonable seizures and arrests]," *Graham v. Connor*, 490 U.S. 386, 395 (1989), and "define[s] the 'process that is due' for seizures of persons or property in criminal cases," *Gerstein v. Pugh*, 420 U.S. 103, 125 n.27 (1975). Consequently, even if the arrest was somehow unlawful (and Plaintiff has not plausibly pleaded that it was), it would not violate the Fourteenth Amendment as he has claimed.

After a multitude of amendments and unsuccessful attempts at service of process, it is evident that the vast majority of this case constitutes a property dispute and belongs in state court. Plaintiff appears to be trying to relitigate an issue decided against him by a state judge in 2019,[2] *See* ECF 96 at 2, and this Court declines supplemental jurisdiction over those property claims. The federal constitutional claim cannot be brought against defendants Reddy and Michalski and must be dismissed against Officer Weir for failure to state a cognizable claim. As to Officer Weir, the dismissal of the constitutional claim is without prejudice. Should Plaintiff wish to refile a claim challenging the constitutionality of his arrest only (seeking monetary damages but no relief

---

[2] Plaintiff's reference to the *Ex Parte Young* doctrine is unavailing. Even if he had a viable constitutional claim against Officer Weir arising out of his arrests, it would have no bearing on the issue of rightful land ownership. Officer Weir's actions do not determine who owns the property.

pertaining to property ownership), he will have thirty days to file an appropriate motion seeking leave to file an amended complaint against Officer Weir.

## Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss, ECF 81 and ECF 87, are granted. Plaintiff's motion for extension of time to serve Defendant Reddy, ECF 89, is granted (although she has already been served) and his motions for preliminary injunctive relief, ECF 95 and ECF 96, are denied because no claims remain pending in this Court. This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims (relating to fraud and property ownership) against Defendants Michalski and Reddy, which may be refiled in state court. Any federal claims against those two defendants are dismissed with prejudice. Plaintiff will be afforded thirty days to seek leave to file a Fifth Amended Complaint against Defendant Weir. Any proposed Amended Complaint should be limited to a federal constitutional claim for monetary damages. This case will be closed, subject to reopening if such a motion seeking leave to amend is filed. An implementing Order follows.

Dated: May 2, 2025                                                  /s/
                                                         Stephanie A. Gallagher
                                                         United States District Judge