IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **THADDEUS MOORE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-00361 |
| **SUBBA REDDY,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This long-pending case has been dismissed several times already for improper service of process and on substantive grounds. Most recently, this Court again dismissed the Fourth Amended Complaint, but allowed Plaintiff to seek leave to file a Fifth Amended Complaint asserting any federal constitutional claims he had against Defendant Chris Weir, an Officer with the Howard County Police Department. ECF 97, 98. Plaintiff has now filed a motion seeking such leave and attaching a proposed Fifth Amended Complaint. ECF 99. Weir has opposed the motion for leave to file amended Complaint, ECF 100, and Plaintiff filed a reply, ECF 101, with a number of attachments. For the reasons stated herein, Plaintiff's motion for leave to amend will be DENIED.

Although Federal Rule of Civil Procedure 15(a)(2) provides that this Court "should freely give leave [to amend] when justice so required," there are certain exceptions where leave to amend should be denied. One such exception is when "the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Amendment is futile where the amended complaint cannot survive a motion to dismiss, *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995), although leave to amend is generally denied for futility "only when the proposed

amendment is clearly insufficient or frivolous on its face." *Capetta v. GC Servs., Ltd. P'ship*, No. 3:08-cv-288, 2009 WL 482474 at *4 (E.D. Va. Feb. 24, 2009) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1986)).

Plaintiff's proposed Fifth Amended Complaint is clearly insufficient in its attempt to state a constitutional claim against Officer Weir. He alleges two potential claims: a Fourth Amendment violation for illegal search and seizure and a Fifth Amendment violation for double jeopardy. ECF 99-1 at 2. The facts he includes in his Statement of Claim do not support either violation. *See id.* at 6. He does not specify any search conducted by Officer Weir or any property seized. *See id.* And he specifies that the second incident leading to Officer Weir charging him with trespassing occurred in 2023, years after the first incident was charged in 2020. *See id.* Double jeopardy prevents someone for being prosecuted twice for the same events. *See* U.S. Const., Amend. V (providing that a person shall not "be subject for the same offense to be twice put in jeopardy of life or limb"). It does not prevent a person from facing similar, but distinct, charges arising out of two separate incidents or offenses. Finally, to the extent Plaintiff attempts to assert a wrongful arrest claim, he has not stated how the arrest was wrongful or what the outcome of the 2023 criminal proceeding was. *See* ECF 99-1 at 6. Because his proposed Fifth Amended Complaint is clearly insufficient to state a federal constitutional claim against Officer Weir, Plaintiff's motion for leave to amend will be denied.

While not material to this Court's analysis of the proposed amended complaint's patent insufficiency, this Court notes that Plaintiff's reply and the attached exhibits confirm that he cannot support any constitutional claim against Officer Weir. Plaintiff's reply specifies that the illegal seizure he asserts was the decision made by "Judge John Kuchno on October 11, 2019" relating to a property dispute between Plaintiff and his neighbor. ECF 101 at 1. Officer Weir did not "seize"

the property in his interactions with Plaintiff. And the document Plaintiff attaches as an exhibit confirms that Officer Weir charged Plaintiff with and arrested Plaintiff for assault and reckless endangerment arising out of the incident in 2023, following an interview with Plaintiff's neighbor who was actively bleeding from apparent dog bite wounds he attributed to Plaintiff's dog. ECF 101-1 at 3-6, 8-9. Not only did the 2020 and 2023 charges arise out of different incidents, but the offenses charged are entirely different and raise no double jeopardy concerns.

    For the reasons set forth above, Plaintiff's Motion for Leave to Amend, ECF 99, will be DENIED and this case will again be closed. An implementing Order follows.

Dated: August 12, 2025                                                 /s/
                                                                           Stephanie A. Gallagher
                                                                           United States District Judge